```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                        :
UNITED STATES OF AMERICA,                                               :
                                                                        :           16-CR-387-2 (JMF)
            -v-                                                         :
                                                                        :           MEMORANDUM OPINION
WILLIAM ROBLES,                                                         :              AND ORDER
                                                                        :
            Defendant.                                                  :
                                                                        :
------------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

  Defendant William Robles moves, pursuant to 18 U.S.C. § 3582(c)(1)(A), for compassionate release in light of the COVID-19 pandemic.  *See* ECF No. 422.  Under the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), the Court "may reduce" a defendant's term of imprisonment "if it finds that . . . extraordinary and compelling reasons warrant such a reduction" and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission" and the sentencing factors set forth in 18 U.S.C. § 3553(a).

  Applying the statute, the Court concludes that Robles's motion must be denied.  To be sure, this Court has held that the threat of COVID-19 to those in prison constitutes an extraordinary and compelling reason for compassionate release.  *See, e.g.*, *United States v. Maya Arango*, No. 15-CR-104 (JMF), 2020 WL 3488909, at *2 (S.D.N.Y. June 26, 2020).  Moreover, the Court all but noted at the time of sentencing that, considering the Section 3553(a) factors, it would have imposed a lower sentence on Robles but for the fact that he was subject to a 120-month statutory mandatory minimum.  *See* ECF No. 96, at 11-12, 15.

  The problem for Robles is that "compassionate release . . . is not an opportunity to second guess or to reconsider whether the original sentence was just."  *United States v. Ebbers*, 432 F.

Supp. 3d 421, 429 (S.D.N.Y. 2020).  That is, "[b]ecause a sentence is a final judgment, a subsequent court may not substitute its own assessment of the section 3553(a) factors for the sentencing court's simply because it might disagree with the latter's assessment."  *Id.*  Put differently, "[i]t would be improper to rely upon circumstances falling outside the limited ones stated in the statute's sentence-reduction provisions to further justify compassionate release."  *Id.*

In light of these principles, the Court may not grant Robles's motion simply because it provides a means to do what the Court could not do at the time of sentencing: impose a sentence below the statutory mandatory minimum.  Indeed, to do so would undermine Congress's intent in enacting the mandatory minimum.  It would also create an "unwarranted sentence disparit[y]" between the sentence imposed on Robles and the sentences imposed on other, similarly situated defendants who were sentenced in accordance with the statutory mandatory minimum.  18 U.S.C. § 3553(a)(6); *see Ebbers*, 432 F. Supp. 3d at 430 ("[I]n deciding motions for compassionate release, the Court should be wary of using the motion to . . . introduce unprincipled variance into the execution of duly-imposed sentences . . . .").  That, in turn, "could undermine respect for law."  *Ebbers*, 432 F. Supp. 3d at 430 n.11; *see* 18 U.S.C. § 3553(a)(2), (b)(1) (providing that, in imposing a sentence, the court "shall consider," among other things, "the need for the sentence imposed . . . to promote respect for the law").

Disregarding what the Court might have done at the time of sentencing but for the statutory mandatory minimum, the Court is constrained to agree with the Government that compassionate release is not warranted here given, among other things: the seriousness of the offense; the fact that, his age aside, Robles does appear to be at significantly higher risk from COVID-19; the fact that there are no positive cases in the facility where he is detained; and the fact that he has served only about one third of his sentence.  *See* ECF No. 424, at 2-3.

Accordingly, Robles's motion is DENIED.  The Clerk of Court is directed to terminate ECF No. 427.

SO ORDERED.

Dated: July17, 2020
      New York, New York

                                          JESSE M. FURMAN
                                 United States District Judge